Hulda Sherman, Admx., *vs.* Samuel J. Howes, Admr., *d. b. n. c. t. a.*

APRIL 12, 1916.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Life Insurance. Equitable Interests.*

A policy of insurance was payable in the event of the death of insured during the life of either his wife or his son to the company as trustee, to make certain payments to the wife and son and the survivor of them, the balance after the death of both beneficiaries to be paid to the executors, administrators or assigns of insured.

Insured thereafter executed a will by which he gave to his wife the residue of his estate. Insured deceased, leaving his wife and son surviving, and the company thereafter made nine payments under the trust agreement, prior to the death of both the son and widow of insured.

*Held*, that insured reserved an equitable reversionary interest in the proceeds of the policy as part of his estate, subject to the possibility of its being exhausted if his wife or child lived long enough and while contingent in character it was capable of passing and did pass to the widow, *i. e.*, the equitable right, but not the present possession and enjoyment, and therefore the administrator of the widow was entitled to the proceeds.

PROBATE APPEAL. Heard on exceptions of appellee and overruled.

BAKER, J. This is an appeal by Hulda Sherman as administratrix upon the estate of Emma F. Sherman, deceased, from the decree of the probate court of the town of Cumberland, entered April 2, 1914, whereby said court ordered and decreed that the statement filed by Samuel J. Howes, administrator *d. b. n. c. t. a.* on the estate of Amos Sherman, in the office of the clerk of said probate court, setting out the names of the legatees, the amounts to be paid, and the property to be turned over to them respectively, or to be held by himself as trustee, be approved as filed.

This action of the court was had under Sections 13 and 14 of Chapter 318 of the General Laws of 1909.

The important part of the statement was as follows:

| "Names of legatees in will of Amos Sherman | Amount due and property to be turned over to them |
|---|---|
| Roger Sherman | none |
| Emma F. Sherman | none." |

In *Sherman* v. *Howes*, 38 R. I. 176, decided June 24, 1915, which was a case between the same parties, this court held that the money in said administrator's hands as portion of the balance of the proceeds of the policy of life insurance numbered 316183 paid to him by the New York Life Insurance Company on March 29, 1911, was part of the assets of the estate of Amos Sherman. As already shown the decree of the probate court appealed from in the present case

approved the statement that no part of these assets belonged to the administratrix on the estate of Emma F. Sherman. Hence her appeal, which was heard before Mr. Justice Barrows, sitting without a jury, on August 20, 1915, who at the close of the hearing caused to be entered a decree sustaining her appeal, reversing the decree of the probate court and amending said statement so as to read as follows:

| "Names of legatees | Amount to be paid over |
| --- | --- |
| Roger W. Sherman deceased January 5, 1911 | nothing |
| Estate of Emma F. Sherman Hulda Sherman Admx. | $2,885.34." |

The decree further recites that said last mentioned sum includes interest at the rate of four per cent. per annum upon the balance shown by the final account of said administrator from the date of the decree allowing the same (May 2, 1912), and orders said administrator to pay forthwith said sum of $2,885.34 to said Hulda Sherman as administratrix as aforesaid.

To this decision Mr. Howes excepted and also to certain rulings of the court excluding testimony and he has duly brought his bill of exceptions to this court. It contains five exceptions.

We think the four exceptions taken to the exclusion of testimony are without merit and they are overruled. The remaining exception is to the finding that the money now held by the administrator belongs to Hulda Sherman as administratrix on the estate of Emma F. Sherman.

As, in substance, this court in *Sherman* v. *Howes, supra,* held said money to be part of the assets of the estate of Amos Sherman for all legal purposes, the only question now presented is whether or not said money was disposed of by the will of Amos Sherman. In other words, as to such balance of proceeds did he die testate or intestate ?

Although the facts of the case are quite fully set out in *Sherman* v. *Howes, supra,* a brief statement of them in the present case will be convenient.

Insurance policy No. 316183 issued on the life of Amos Sherman for the term of fifteen years, commencing May 2, 1889, was made payable upon his death before May 2, 1904, share and share alike, to Emma F. Sherman, his wife, and Roger W. Sherman, his son, or their executors, administrators (1) or assigns. If the insured lived through the period of fifteen years, payment in amount as specified in the policy was to be made to him or his assigns. Under date of January 6, 1898, Emma F. Sherman and Roger W. Sherman assigned to Amos Sherman said policy "and all dividend, benefit and advantage to be had or derived therefrom." By Memorandum A., dated January 11, 1898, Amos Sherman amended his application of April 19, 1889, for this policy of insurance, as well as his application for one other policy, by making in the event of his death "during the lifetime of either Emma F. Sherman, wife, or Roger W. Sherman, son, the proceeds of the insurance" then applied for payable to the New York Life Insurance Company as trustee with instructions to invest the same and to pay therefrom annually a certain sum to his said wife and son and to the survivor of them, with the further instruction that the balance of said proceeds remaining after the death of both beneficiaries should be paid to the executors, administrators or assigns of himself, the insured. He reserved the right to revoke the appointment of trustee, but never exercised it. Memorandum B., signed by the president and secretary of said life insurance company under date of February 10, 1898, states that "It is agreed that in case of the death of Amos Sherman during the lifetime" of his wife or son the proceeds of said policy "are to be paid to the New York Life Insurance Company as trustee" upon the trusts as stated in Memorandum A. except that there was a change in the number of annual installments to be paid over. Whether each installment to be paid under this policy by Memorandum B. is the same as provided in Memorandum A. is not entirely clear as the former referred to two policies and gave a lump sum for both.

On August 22, 1899, Amos Sherman executed his last will and testament by which after making certain specific devises and legacies to his son, including the proceeds of the two other insurance policies, he provided as follows: "Third. I give and bequeath to my wife, Emma F. Sherman, all the rest and residue of estate, personal, real, or mixed, and wherever situate, including as well any that I may acquire subsequent to the date of this will as that of which I am now possessed to her, her heirs and assigns forever." She was appointed executrix of the will. Amos Sherman died September 7, 1902, leaving his wife and son surving him. Upon his death his wife and son surrendered said policy to said insurance company for cancellation and the proceeds of the policy were held by it as trustee. Under date of October 2, 1902, the company issued a certificate of trust in accordance with the provisions of Memorandum B., and thereafter in accordance therewith made nine annual payments of $250 each. The will of Amos Sherman was duly probated and his widow qualified as executrix. She died intestate January 17, 1905, and Roger W. Sherman died January 5, 1911, testate, leaving his widow, said Hulda Sherman, as his sole devisee and legatee. Under the facts and conditions as stated did Amos Sherman have such interest in the proceeds of the policy as that at his death it passed under his will to his widow? By the assignment to him from his wife and son the proceeds of the policy became part of his estate in the event of his death before May 2, 1904; if he survived that date, such amount as would then be due on the policy was payable to him by the original terms of the policy. With the consent of the company he, after the assignment, effected a new designation of beneficiaries, by making the proceeds payable to the insurance company as trustee charged with the payment of $250 annually therefrom to his wife and child and the survivor of them and upon the death of both with the payment of the balance then remaining, if any, to his estate. In other words, he reserved an equitable reversionary interest in the proceeds as part of his estate,

subject to the possibility of its being exhausted, if his wife or child lived long enough. While contingent in character, it was, however, an interest which was capable of passing under his will and in our opinion did so pass on his death to his widow; that is, the equitable right passed, but not the present possession and enjoyment. See *Bailey* v. *Hoppin*, 12 R. I. 560, 567, 569; *Loring* v. *Arnold*, 15 R. I. 428.

Accordingly Hulda Sherman, as administratrix on the estate of Emma F. Sherman, is entitled to have the balance of said proceeds now in the hands of Samuel J. Howes, administrator as aforesaid, amounting on August 20, 1915, with interest, to $2,885.34 paid over to her by him. There was therefore no error in the decision of the Superior Court, as there is no dispute as to the correctness of the amount with which the administrator is chargeable.

The exceptions of the administrator are overruled, and the case is remitted to the Superior Court for further proceedings.

*William G. Rich, Waterman & Greenlaw*, for appellant.

*James F. Murphy*, for appellee.

